UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

LINDA S. DUNN

CRIMINAL ACTION

NO. 07-32-BAJ-DLD

RULING ON MOTION FOR APPEAL OUT OF TIME

I. PROCEDURAL BACKGROUND

This matter is before the Court on a "Motion for Appeal Out of Time" (doc. 85) by the defendant, Linda S. Dunn ("Dunn"). Dunn was indicted on eleven charges, including bank fraud, money laundering, and illegal monetary transactions. On August 11, 2010, Dunn appeared before Chief Judge Ralph E. Tyson and entered a plea of guilty to one count of bank fraud and one count of money laundering, in violation 18 U.S.C. § 1344 and 18 U.S.C. § 1956(a)(1)(A)(i).

Prior to pleading guilty to these charges, the Government filed a "Motion for Independent Medical Examinations" (doc. 26) to determine the defendant's physical and psychological ability to stand trial.[1] The Court granted the Government's motion, and a mental competency hearing was held before Judge John V. Parker on November 13, 2008. The Court heard testimony from Dr. Charles Vosburg and

---

[1] In its order (doc. 23) granting the defendant's motion to continue the trial date, the Court ordered the production of medical reports from Dunn's treating medical specialists. The Government asserted that the records produced pursuant to this court order provided little information as to Dunn's medical condition and therefore requested that the defendant be evaluated independently.

Dr. John Thompson, who each conducted mental evaluations of the defendant. At the conclusion of the competency hearing, the Court took the matter under advisement and instructed the parties to file post-hearing briefs. The record is devoid of any determination made by the Court as to the defendant's competency to stand trial.

On May 10, 2010, absent a ruling on the competency issue, the Government filed a notice of intent to enter a guilty plea as to the defendant (doc. 46). A rearraignment was scheduled to be held before Judge Tyson on July 20, 2010. On that date, during the course of its Boykin examination, the Court determined that Dunn was not capable of entering a plea due to being under the influence of medication which, according to the defendant, impaired her ability to think clearly. The Court rescheduled the proceedings for August 11, 2010, at which time the Court conducted a Boykin examination and accepted Dunn's plea of guilty as to Counts Five and Eight of the indictment. Dunn was later sentenced on May 12, 2011 to a term of imprisonment of 97 months. The sentencing judgment was signed on May 19, 2011 and entered into the record the following day on May 20.

Following her sentencing, Dunn retained new counsel who enrolled in these proceedings on June 2, 2011. On that date, Dunn's newly retained counsel filed several motions, including a motion for reconsideration of sentence pursuant to FRCrP 35(a) (doc. 72), a motion for competency hearing (doc. 74), and a motion to stay the implementation of sentence pending a competency determination (doc.

74). The government filed oppositions to each of the defendant's motions. Eight days later, on June 10, 2011, the defendant filed the present motion for an appeal out of time. This motion is also opposed by the Government.

## II. LAW AND ANALYSIS

Dunn now moves to file a late notice of appeal. The reason cited for the defendant's appeal is lack of a ruling by the Court on the issue of competency. Pursuant to Fed.R.App.P. 4(b)(1)(A), the 14-day period for filing a notice of appeal from the judgment of sentence expired on June 3, 2011.[2] Nevertheless, "Upon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed.R.App.P. 4(b)(4). It is the "customary policy" of the Fifth Circuit Court of Appeals to construe a late notice of appeal as a motion for an extension of time to file a notice of appeal. *U.S. v. Plascenia*, 537 F.3d 385, 387 (5th Cir. 2008).

The Fifth Circuit has held that the factors articulated by the U.S. Supreme Court in the case of *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) are applicable to a district court's

---

[2] Rule 4(b)(1) provides that in a criminal case, "a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." The 14-day period is calculated excluding the day the judgment was entered into the record, and counting every following day, including intermediate Saturdays, Sundays and legal holidays . Fed.R.App.Pr. 26(a)(1).

determination of excusable neglect under Rule 4(b). *U.S. v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995). The *Pioneer* factors are: (1) danger of prejudice to the parties; (2) the length of delay; (3) potential impact on judicial proceedings; (4) the reason for the delay, including whether it was in the reasonable control of the movant; and (5) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1498. While the Supreme Court in *Pioneer* held that "inadvertence, ignorance of the rules or mistakes construing the rules do not usually constitute 'excusable neglect'," *Pioneer*, 507 U.S. at 392, 113 S.Ct. at 1496, the Court "flexibly interpreted the excusable neglect standard," *Clark* at 43, and instructed that the determination of "what sorts of neglect will be 'excusable'...is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1498.

Considering the *Pioneer* factors and taking into account all of the relevant circumstances, this Court holds that the defendant has demonstrated excusable neglect and should be allowed to file a late notice of appeal. The Court conducted a hearing on Dunn's outstanding motions, including the "Motion for Appeal Out of Time," on March 19, 2012. The potential prejudice to the defendant in this case is particularly great. The issue to be presented on appeal is whether the defendant was competent to stand trial or to plead guilty, a question originally raised by the

Government through its own motion.[3] Further, the Dunn's motion for appeal was filed only seven days late, well within the confines of the 30 day extension period set forth in Rule 4(b)(4). There is no indication that Dunn's attorney acted in bad faith. The defendant raised the competency issue and attempted to correct the alleged procedural defect through a number of motions addressed to the district court.[4] At the March 19 hearing, defense counsel indicated that the purpose of filing these motions was to resolve the issue before the court which imposed the sentence, rather than on appeal. As has been noted, "[t]his practice is to be encouraged, not condemned, by the courts, for it may result in a lesser expenditure of judicial resources." *U.S. v. Carollo*, 1996 WL 304274 (E.D.La. 1996).

The Court also takes into account the convoluted nature of these proceedings. Since its inception, at least three different judges have presided over this case during its various phases. Although Dunn was late in filing a notice of appeal, given the importance of the issue to be addressed to the appellate court, the case history, and the defendant's attempt to raise this issue in a timely fashion, and the Court finds grounds for excusable neglect pursuant to Rule 4(b)(4).

---

[3] "A criminal defendant may not be tried unless he is competent, and he may not waive his right to counsel or plead guilty unless he does so 'competently and intelligently.'" *Godinez v. Moran*, 509 U.S. 389, 395, 113 S.Ct. 2680, 2685, 125 L.Ed.2d 321 (1993).

[4] The Court notes that these motions were filed on June 2, 2011, before the expiration of the 14-day period for filing a notice of appeal.

## III. ORDER

Accordingly, for the reasons stated herein, the defendant's "Motion for Appeal Out of Time" (doc. 85) is hereby **GRANTED**.

Baton Rouge, Louisiana, May 4, 2012.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA